Williams, Judge,
delivered the opinion of the court:
The plaintiff, an officer in the United States Navy with the rank of lieutenant, sues to recover the increased rental and subsistence allowances because of a dependent mother, *50 from September 1, 1922, to March 31, 1924, and from October 1, 1924, to October 16, 1930, amounting to $3,375.14.
The claim is based on section 4 of the act of June 10,. 1922, 42 Stat. 625, 627, which provides as follows:
“ Seo. 4. That the term ‘ dependent ’ as used in the succeeding sections of this act shall include at all times and in all places a lawful wife and unmarried children under twenty-one years of age. It shall also include the mother of the officer provided she is in fact dependent on him for her chief support.”
Under the uniform decisions of this court in cases where this section of the statute has been considered, it is clear that the plaintiff’s mother during the entire period of the claim was in fact dependent on him for her chief support. In fact, he was practically her sole support during the larger portion of the period involved.
The period of the claim from April 1, 1924, to October 1, 1924, is barred by the six-year statute of limitations. The plaintiff is entitled to recover .the rental and subsistence allowances provided for an officer of his rank for the period from October 1, 1924, to October 16, 1930, Tricou v. United States, 71 C.Cls. 356, amounting to $3,141.27. He is also entitled to recover the sum of $233.87, the amount of allowances formerly paid to him, which was subsequently checked against him by the General Accounting Office, during the period from October 1, 1924, to December 31, 1924, making the total amount plaintiff is entitled to recover the sum of $3,375.14.
Judgment in favor of the plaintiff for the sum of $3,375.14 is ordered to be entered.
Whalet, Judge; LittletoN, Judge; and GeeeN, Judge, concur.
Booth, Ghief Justice, took no part in the decision of this case on account of illness.